*In re* MARRIAGE OF MARSHA S. TAYLOR, n/k/a Marsha S. Lindstrom, Petitioner-Appellee, and JAMES E. TAYLOR, Respondent-Appellant.

Third District   No. 3—93—0062

Opinion filed September 24, 1993.

Joseph M. Gibson, of Peoria, for appellant.

John P. Edmonds, of Law Offices of John P. Edmonds, Ltd., of Chillicothe, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Respondent, James Taylor, appeals from an order of the circuit court granting a petition for leave to remove the parties' minor child from the State of Illinois filed by petitioner, Marsha Taylor (now Lindstrom). We affirm.

The parties were divorced in 1986. Custody of the parties' only child, Derek, was awarded to petitioner. Respondent was granted extensive visitation including four weeks during the summer, every other weekend, one night each week and every other holiday. Petitioner subsequently remarried, and on June 23, 1992, she filed a petition for leave to remove the minor child from the state of Illinois. At the time the petition was filed Derek was 10 years old.

A hearing on the petition for removal was held on July 9, 1992. Petitioner's husband, William Lindstrom, testified that he had been employed by B.F. Goodrich Chemical Company for 22 years. He stated that the company was reorganizing its plant in Henry, Illinois, where he worked. As a result of the reorganization the company offered Lindstrom a position at their plant in Deer Park, Texas. Lindstrom's transfer represented a promotion, an increase in salary and an opportunity to go back to college at the company's expense. He stated that he had purchased a new four-bedroom home in a new development in Le Porte, Texas. Derek would have his own bedroom in the new house in Texas. Lindstrom testified that he had a good relationship with Derek. He stated that he will receive five weeks of vacation and he plans to spend at least one-half of that time back in Illinois visiting friends and family in the Lacon, Illinois, area. Because of Lindstrom's salary increase, petitioner will not be required to work in Texas.

Petitioner testified that she owned and operated a hair salon business in Lacon, Illinois. Her business required her to work up to 50 hours per week. She stated that she probably would not pursue employment in Texas and would therefore have evenings and weekends

free to spend with Derek. She stated that she had not been able to visit much with her son on weekends or evenings for the past 4½ years because of her busy work schedule. The move would therefore enable her and her son to spend more time together and do things they had been unable to do because of her employment.

Petitioner testified that Derek has an interest in art. The school Derek had been attending in Illinois did not offer art classes until high school. However, the school Derek would attend in Texas offers art classes to children Derek's age. Derek would also have more exposure to computers and computer training in the Texas school. Each class at the Texas elementary school has an aide to the teacher, whereas the Illinois school Derek had been attending did not.

Petitioner has always facilitated and encouraged visitation between Derek and respondent. She stated that respondent had always exercised his visitation rights. Respondent cared for Derek nearly every weekend while petitioner was at work. She conceded that contact between Derek and his father would be reduced if her petition was granted, but she thought respondent's visitation should be extended during the summer and Christmas holiday.

Respondent testified that he was single and employed as a machine operator for a steel company and a part-time farmer. He was working the 4 p.m. to midnight shift, but would change to the midnight to 7 a.m. shift if Derek lived with him. In that case, his mother or niece would watch Derek while he was at work. Respondent had visitation with Derek nearly every Saturday and most Sundays since 1987. He regularly attended church with Derek and attended all of Derek's school activities. He testified concerning numerous recreational and educational events and activities he had attended with Derek since 1987. He stated that most of their family resided in the Lacon, Illinois, area and that the child had a good relationship with his family.

Following the hearing on the petition, the court took the matter under advisement. On August 12, 1992, the court issued an order granting the petition for leave to remove the minor child. Respondent's motion to reconsider was denied and this appeal followed.

On appeal, respondent contends that the trial court's decision to grant the petition for removal was against the manifest weight of the evidence. He argues that petitioner failed to prove that the move would improve the quality of life for the child.

The paramount question in a removal case is whether the move is in the best interest of the child (Ill. Rev. Stat. 1991, ch. 40, par. 609). Each case must be judged on its own unique set of facts. (*In re Mar-*

*riage of Davis* (1992), 229 Ill. App. 3d 653, 594 N.E.2d 734.) Our supreme court has identified five factors to consider in determining whether removal is in the child's best interests: (1) the likelihood that the proposed move will enhance the general quality of life for both the custodial parent and the child; (2) the motives of the custodial parent in seeking the move; (3) the motives of the noncustodial parent in resisting the removal; (4) the visitation rights of the noncustodial parent; and (5) whether a realistic and reasonable visitation schedule can be reached if the move is allowed. (*In re Marriage of Eckert* (1988), 119 Ill. 2d 316, 326-27, 518 N.E.2d 1041, 1045-46.) A trial court's determination as to whether removal is in the best interests of the child will not be reversed unless it is clearly against the manifest weight of the evidence. *Eckert,* 119 Ill. 2d at 328, 518 N.E.2d at 1046.

Regarding the first factor, we find the proposed move to Texas will likely enhance the general quality of life for both the custodial parent and the child. Because of her husband's increase in salary, petitioner will no longer have to work long hours managing her own business. She will be free to care for the needs of her child. She will also be able to spend much more time with the child in the evenings and on weekends. In essence, petitioner will have the opportunity to devote the majority of her time to her son. Additionally, petitioner and her husband have a new home where Derek would have his own bedroom, and Derek would attend a school where he would receive more computer training and his art interest could be cultivated. In light of all of these facts, we can only conclude that the move would improve the quality of life of both petitioner and Derek in a number of respects.

The second and third factors set out in *Eckert* concern the motives of the custodial parent in requesting the move and the noncustodial parent in resisting it. We find the motives of both parties to be proper. The petitioner wants to move to Texas to be with her husband, improve her financial situation, and have the opportunity to spend more time with her son. There is no evidence, and respondent does not contend, that petitioner sought leave to remove the child in an attempt to frustrate respondent's visitation. Respondent's motive for resisting the removal is that he does not want to lose his established visitation rights with his son.

The fourth and fifth factors to consider are the visitation rights of the noncustodial parent and whether a realistic and reasonable visitation schedule can be reached if the move is allowed. There is no doubt that the proposed move will result in diminished visitation for the respondent. He is accustomed to spending time with his son nearly

every weekend. That, of course, would no longer be possible. However, petitioner indicated that she believed respondent should receive extended visitation during the summer. While a new visitation schedule has not yet been established, the trial court stated in its order that most of the activities enjoyed by respondent and Derek were outdoor, warm weather activities that can be accomplished through extended summer visitation. This same consideration was recently relied on by the court in *In re Marriage of Deckard* in affirming the granting of a petition for removal. (See *In re Marriage of Deckard* (1993), 246 Ill. App. 3d 427, 433, 615 N.E.2d 1327, 1332.) The trial court in this case also found that petitioner has been very accommodating and cooperative regarding visitation and has fostered the relationship between Derek and respondent. We agree with this assessment. We also agree with the trial court's determination that because the families of both petitioner and her husband are located in the Lacon area, it is likely they will return with some frequency. Our supreme court has held that when a parent has assiduously exercised his visitation rights, a court should be loathe to interfere by permitting removal of the child for frivolous, unpersuasive or inadequate reasons. (*Eckert*, 119 Ill. 2d at 327, 518 N.E.2d at 1046.) There is no question that respondent is a caring, responsible father who has diligently exercised his visitation rights. However, as discussed above, petitioner's reasons for seeking the move to Texas are not frivolous, unpersuasive or inadequate. We find that a visitation schedule which is reasonable under the circumstances can be reached. We empathize with respondent's position, but we believe the best interests of the child must prevail.

The facts of this case are somewhat analogous to *In re Marriage of Zamarripa-Gesundheit* (1988), 175 Ill. App. 3d 184, 529 N.E.2d 780, where the denial of a removal petition was reversed on appeal. In that case, the petitioner's new husband asked for and received a transfer to Seattle simply because he liked the city. His income would not change by the move, and the petitioner's employment opportunities in Seattle were comparable to what she could find in Illinois. The court found that the child's quality of life would not be directly enhanced by the move because it would place her in an equivalent educational situation and her financial support would remain the same. The court did find, however, that the move to Seattle would enhance the petitioner's quality of life, and therefore, the child's quality of life would be indirectly enhanced. Furthermore, the court determined that the respondent who, like respondent in this case, consistently exercised his visitation rights would still be able to maintain a close relationship with his daughter by having extended visitation periods dur-

ing the summer and during school breaks. The court held that the removal petition should have been granted. (*Zamarripa-Gesundheit*, 175 Ill. App. 3d at 190, 529 N.E.2d at 783.) Similarly here, we find that the removal petition in this case was properly granted by the trial court.

For the reasons stated above, the order of the circuit court of Marshall County is affirmed.

Affirmed.

BRESLIN and LYTTON, JJ., concur.